TRESSLER LLP
Robert J. Fettweis
744 Broad Street – Suite 1510
Newark, New Jersey 07102
(973) 848-2900

*Of Counsel:*
KENYON & KENYON LLP
James Galbraith
Huiya Wu
Lee B. Shelton
John Resek
Hany W. Rizkalla
One Broadway
New York, NY 10004
(212) 425-7200

*Attorneys for Defendants Glenmark Pharmaceuticals Inc., USA
and Glenmark Pharmaceuticals Ltd.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANOFI-AVENTIS DEUTSCHLAND GMBH, AVENTIS PHARMA S.A., ABBOTT GMBH & CO. KG, ABBOTT LABORATORIES, and ABBOTT LABORATORIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> GLENMARK PHARMACEUTICALS INC., USA, and GLENMARK PHARMACEUTICALS LTD. <br><br> Defendants. | Hon. Dennis M. Cavanaugh, U.S.D.J. <br><br> Hon. Joseph A. Dickson, U.S.M.J. <br><br> Civil Action No. 07-CV-05855 (DMC-JAD) <br><br> **DECLARATION OF ROBERT J. FETTWEIS IN SUPPORT OF DEFENDANTS' MOTION TO FILE DOCUMENT UNDER SEAL** |

Robert J. Fettweis hereby declares:

1.      I am an attorney admitted to practice before this Court and am a partner with the law firm of Tressler LLP, counsel for defendants Glenmark Pharmaceuticals Inc., USA and Glenmark Pharmaceuticals Ltd. in this action.  I submit this Declaration in support of defendants' Motion to Seal.

2.      Attached hereto as Exhibit A is a true and correct copy of the Stipulated Discovery Confidentiality Order, entered by the Honorable Mark Falk, U.S.M.J., on July 16, 2008.

3.      It is my understanding that the Defendants Glenmark's Supplemental Pretrial Brief On Damages and attached exhibit ("Pretrial Damage Brief") contains confidential information, designated as such by plaintiffs under the Stipulated Discovery Confidentiality Order.  Specifically, the Pretrial Damage Brief contains deposition testimony, financial and contractual information of the plaintiffs, all of which have been designated as Confidential.  I know of no remedy other than sealing that will protect the confidentiality of this information.  To preserve the confidentiality of this information, the Pretrial Damage Brief should be under seal.

I declare under penalty of perjury that the foregoing is true and correct.

December 20, 2010                                   /s/ Robert J. Fettweis
                                                   Robert J. Fettweis
                                                   744 Broad Street – Suite 1510
                                                   Newark, New Jersey 07102
                                                   (973) 848-2900

                                                   *Attorney for Defendants Glenmark*
                                                   *Pharmaceuticals Inc., USA and Glenmark*
                                                   *Pharmaceuticals Ltd.*

# EXHIBIT A

**TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP**
Robert J. Fettweis
744 Broad Street – Suite 1510
Newark, New Jersey 07102
(973) 848-2900

*Of Counsel:*
**KENYON & KENYON LLP**
James Galbraith
John Resek
Hany Rizkalla
One Broadway
New York, NY 10004
212-425-7200
*Attorneys for Defendants Glenmark Pharmaceuticals Inc., USA*
*and Glenmark Pharmaceuticals Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANOFI-AVENTIS DEUTSCHLAND GMBH, AVENTIS PHARMA S.A., ABBOTT GMBH & CO. KG, and ABBOTT LABORATORIES, <br><br> Plaintiffs, <br><br> v. <br><br> GLENMARK PHARMACEUTICALS INC., USA, and GLENMARK PHARMACEUTICALS LTD., <br><br> Defendants. | Hon. Dennis M. Cavanaugh, U.S.D.J. <br><br> Hon. Mark Falk, U.S.M.J. <br><br><br> Civil Action No. 07-CV-05855 <br> (DMC-MF) <br><br><br> **STIPULATED DISCOVERY** <br> **CONFIDENTIALITY ORDER** |

WHEREAS Plaintiffs sanofi-aventis Deutschland GmbH and Aventis Pharma S.A.

(collectively "sanofi-aventis") and Abbott GmbH & Co. KG, and Abbott Laboratories

(collectively "Abbott") (collectively, "Plaintiffs") and Defendants Glenmark Pharmaceuticals,

Inc., USA and Glenmark Pharmaceuticals, Ltd. (collectively "Glenmark") are parties to the above-referenced patent infringement case;

WHEREAS, discovery in this litigation may involve the disclosure of certain documents, information, and things, in the possession, custody, or control of a party or a nonparty that constitute trade secrets or other confidential research, development, manufacturing, regulatory, financial, marketing, commercial, or other competitive information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

WHEREAS, good cause exists for entry of this Discovery Confidentiality Order ("Confidentiality Order" or "Order"). *See* Fed. R. Civ. P. 26(c)(1); Local Civil Rule 5.3; *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994);

WHEREAS, all parties agree to the terms of this Discovery Confidentiality Order to protect their confidential documents, information and things, hereinafter "Protected Information," which collectively refers to information that is "Confidential";

WHEREAS, Plaintiffs and Defendants are competitors and all parties in their business practices have gone to great lengths to safeguard and protect the confidentiality of the documents, information, and things the disclosure of which would pose a substantial risk of irreparable harm to the producing party's legitimate proprietary interests. *See* Declaration of _____, Esq. in Support of Request for Stipulated Protective Order on behalf of sanofi-aventis, dated _____, 2008, attached hereto as Exhibit __; Declaration of _____ in Support of Request for Stipulated Protective Order on behalf of Abbott, dated ____, 2008 attached hereto as Exhibit __; Declaration of _____ in Support of Request for Stipulated Protective Order on behalf of Defendants, dated _____, 2008 attached hereto as Exhibit __.

WHEREAS, this Discovery Confidentiality Order provides reasonable and necessary restrictions on the disclosure of sensitive materials of a confidential nature. Orders of this type have been approved by the United States Court of Appeals for the Third Circuit. *See Pansy*, 23 F.3d at 787 n. 17; *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986);

WHEREAS, this Discovery Confidentiality Order also provides that the party requesting production of the information may challenge the producing party's confidentiality designation before the Court, according to the procedures set forth herein, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential; and

WHEREAS, this Discovery Confidentiality Order allocates to the producing party the burden of justifying the confidentiality designation;

**IT IS HEREBY AGREED AND ORDERED**:

1.  <u>DESIGNATION OF PROTECTED MATERIAL</u>

     a.     Any person or entity (the "Producing Party") producing documents, things, information or other materials ("Produced Material") in the above captioned case for inspection or review by another person or entity (the "Receiving Party") may designate as "Confidential" pursuant to this Order any Produced Material that the Producing Party in good faith considers to be, reflect or reveal a trade secret or other confidential research, development or commercial information pursuant to Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential. The "Confidential" designation shall be limited to material which contains or comprises sensitive clinical, regulatory, research, development or scientific information, sensitive financial, marketing, customer or commercial information, and which would likely prejudice or cause the Producing Party harm if disclosed to the employees of the Receiving Party.

b.     All information designated as "Confidential", hereinafter referred to as "Protected Material," shall include (a) all copies, extracts, and complete or partial summaries prepared from Protected Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such Protected Material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such Protected Material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such Protected Material; and (e) deposition testimony designated in accordance with Paragraph 2, below. Notwithstanding such designation, Protected Material does not include information that:

(1)     Was, is, or becomes public knowledge, under circumstances not amounting to a violation of this Confidentiality Order;

(2)     Is acquired or was possessed by the Receiving Party in good faith without confidentiality restrictions or from a third party who is not subject to this or any other Confidentiality Order or nondisclosure agreement; or

(3)     Was, is, or becomes expressly released from being designated as Protected Material by the Producing Party or by order of the Court.

c.     "Confidential" designations shall constitute a representation that such Protected Material has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.

d.     Any Producing Party may redact from the documents and things it produces (1) sensitive matter not relevant to the subject matter of this litigation, and (2) matter that the  Producing Party claims is subject to attorney-client privilege, work

4

product immunity, a legal prohibition against disclosure, or other privilege or immunity. The Producing Party shall mark each document or thing where matter has been redacted with a legend stating "Redacted For Relevance" or "Redacted For Privilege," as appropriate, or a comparable notice. Where a document consists of more than one page, at least the first page and each page on which information has been redacted shall be so marked. The Producing Party shall preserve a unredacted version of each such document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

2.     LABELING OF PROTECTED MATERIAL

    a.     The designation of Protected Material for purposes of this Confidentiality Order shall be made in the following manner:

    (1)     With regard to written material (including transcripts of depositions or other testimony) and electronic images, a legend shall be affixed to each page substantially in the form, "Confidential"; and

    (2)     With regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material in any suitable manner.

    b.     Materials described in paragraphs 2.a.(1) and 2.a.(2) made available by a Producing Party for inspection without confidentiality legends shall be deemed to be Confidential until otherwise designated by the Producing Party.

    c.     Testimony provided in a deposition and deposition exhibits may be designated as "Confidential" subject to this Confidentiality Order either (1) during the deposition, or (2) by written notice to the reporter and all counsel of record provided within

twenty (20) days after the deposition transcript is received by the designating party, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. Until expiration of that twenty (20) day period, the entire deposition and all exhibits thereto will be treated as "Confidential" under this Confidentiality Order. If no party or non-party timely designates as "Confidential" any information provided in a deposition, then none of the transcript or exhibits (unless previously designated "Confidential") will be treated as confidential; if a timely designation is made, the confidential portions and exhibits, and all copies of those portions and exhibits, shall be treated as "Confidential" pursuant to the terms of this Confidentiality Order. Deposition exhibits previously designated as "Confidential" do not need to be redesignated to retain their protection under this Confidentiality Order.

      d.     Deposition transcripts containing testimony with "Confidential" information shall be prominently marked on the front page with a statement that provides 'THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION THAT IS SUBJECT TO CONFIDENTIALITY ORDER." Any deponent may review the transcript from his/her own deposition that has been designated "Confidential" to ensure that it is accurate and complete, but no deponent, other than individuals described in Paragraph 4 below, may retain or copy any portion of the transcript of the depositions that contains "Confidential" information without written permission of the designating party.

      e.     At any deposition session, when counsel for a party deems that the answer to a question will result in the disclosure of Confidential Material, counsel shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure,

to direct that the testimony shall be treated as Protected Material and subject to this Confidentiality Order.

f.　　　Counsel for the party whose Protected Material is involved may also request that all persons other than the reporter, the witness, counsel, and individuals specified in Paragraph 4, below, who may have access to such Protected Material, leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question.

### 3.　　DISCLOSURE AND USE OF PROTECTED MATERIAL

Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, a Receiving Party shall use Protected Material solely for purpose of litigating the above captioned case and not for any other purpose, including, without limitation, any business, proprietary, commercial, legal or other litigation, arbitration or claim, governmental purpose, or in connection with the preparation or prosecution of any patent application. If a Receiving Party is served with a subpoena, discovery request in an action other than the above captioned case, or any other request seeking by legal process the production of Protected Material, such Receiving Party shall notify the Producing Party promptly (but in no event later than five (5) business days), and inform the person(s) seeking discovery in writing, with copy to the Producing Party and the Court, that providing the requested Protected Material would be a violation of this Confidentiality Order.

### 4.　　QUALIFIED PERSONS

a.　　　A Receiving Party shall disclose Protected Material only to the following Qualified Persons, their clerical, support and secretarial staffs, paralegals and assistants.　All

7

rights, obligations and restrictions in this Confidentiality Order shall apply to such Qualified Persons as if they were the Receiving Party.

(1)     U.S. outside counsel of record in the above captioned case, and other attorneys, paralegals, and office staff working at their respective law firms (collectively, "Outside Counsel").

(2)     In-house counsel or patent agents who are responsible for monitoring and/or supervising this litigation from the Receiving Party that do not engage, formally or informally, in any patent prosecution relating to trandolapril/calcium antagonist or quinapril/calcium antagonist combinations or compositions.

(i)     For sanofi-aventis: William Coppolla, Senior Director, Global Patent Litigation Group, Karen Krupen, Patent Counsel.

(ii)    For Abbott: Steven R. Crowley, Director, Intellectual Property Litigation; Karen J. Nelson, Counsel, Intellectual Property Litigation; Jose Rivera, Divisional Vice President and Associate General Counsel Intellectual Property Litigation; Laura Schumacher, Executive Vice President and General Counsel.

(iii)   For Glenmark:

[TBD]

(3)     Experts, consultants, and third-party technical services contractors who are not present employees of any party to the above captioned case, who are requested by Outside Counsel of the Receiving Party to furnish technical or expert services in connection with this litigation.

(4)    Third-party contractors involved solely in providing litigation support services to Outside Counsel.

(5)    The Court and its personnel.

(6)    An officer or other person before whom a deposition is taken in the above captioned case, including any stenographic reporter, translator, or videographer.

(7)    Any person specifically identified in an item containing Protected Material as an author or recipient of such item (or a copy thereof).

(8)    Any other person agreed to, in writing, by the parties or allowed by the Court.

b.    Any in-house attorney or patent agent who receives or reviews an opposing party's protected materials in the above captioned case is prohibited from being involved with prosecution of any patent application(s) relating to trandolapril/calcium antagonist or quinapril/calcium antagonist combinations or compositions, and from having a role in competitive decision-making with respect to trandolapril/calcium antagonist or quinapril/calcium antagonist combinations or compositions, including for a period of one year following the conclusion of the above case, including all appeals.

**5.**    <u>RESTRICTIONS NOT IMPOSED BY THIS ORDER</u>

a.    This Order shall not restrict any Producing Party's use, for any purpose, of its own Protected Material.

b.    This Order shall not restrict any counsel who is a Qualified Person from rendering advice to the party it represents in the above captioned case, and in the course thereof, from generally relying upon his or her examination of Protected Material. In rendering such

advice, the attorney shall not disclose directly or indirectly the specific content of any Protected Material where such disclosure would not otherwise be permitted under the terms or conditions of this Order.

6.      NOTICE AND ACKNOWLEDGEMENT OF ORDER

a.      Every Qualified Person to whom Protected Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Confidentiality Order.

b.      Before any disclosure of Protected Material is made to a Qualified Person pursuant to paragraphs 4.a.(2)-4.a.(4) or 4.a.(8), Outside Counsel for the Receiving Party shall: (1) provide the Qualified Person with a copy of this Confidentiality Order; (2) explain its terms; and (3) obtain the Qualified Person's written agreement, in the form of Exhibit A to this Order, to comply with and be bound by its terms and conditions. All Qualified Persons to whom disclosure of Protected Material is intended shall confirm their understanding and agreement to abide by the terms of this Order by signing a copy of the ACKNOWLEDGEMENT TO ABIDE BY THE STIPULATED DISCOVERY CONFIDENTIALITY ORDER attached as Exhibit A.

7.      NOTIFICATION OF INTENT TO DISCLOSE PROTECTED MATERIAL

a.      If a Receiving Party wishes to disclose Protected Material to a person other than those identified as Qualified Persons in paragraph 4, the Receiving Party shall, at least seven business days prior to such disclosure, notify the Producing Party, and all the other parties to this Litigation, in writing (by facsimile or email), of its intent to disclose Protected Material. Such notification shall include the name, current address, and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed. The notification shall also include a copy of the signed acknowledgement made in conformance with paragraph 6 of this

10

Confidentiality Order. The notification and signed acknowledgement shall be delivered to the Producing Party's outside counsel by facsimile or email.

        b.     If a Receiving Party wishes to disclose Protected Material to a testifying expert or consulting expert pursuant to paragraph 4(a)(3) above, the procedure in paragraph 7(a) shall apply, and the notification shall further include a current resumé or curriculum vitae from the proposed expert identifying at least all other present and prior employments or consultancies of the expert and a list of cases in which the expert has testified at deposition or trial within the last four years.

        c.     Within seven business days after receiving notification of intent to disclose Protected Material in accordance with this paragraph, the producing party may object in writing to the proposed recipient upon a reasonable basis. The writing must describe with particularity the basis for the objection. Disclosure of Protected Material shall not occur before the seven-business-day period has elapsed, absent written consent from the producing party that it has no objection to the person viewing its Confidential Information. Failure to object in writing within seven days shall be deemed approval, but shall not preclude the producing party from later objecting to continued access by that person where facts suggesting a reasonable basis for objection are subsequently learned by the producing party or its counsel. If objection is timely made, the producing and requesting party shall confer and attempt to resolve the dispute within five calendar days from the date of the sending of notice of objection. If the parties cannot resolve the dispute or if the conference does not take place, the party seeking to disclose Protected Material may file and serve a motion with the Court seeking an Order allowing the disclosure to occur. The burden of demonstrating good cause for denying access to Protected Material shall rest with the producing party. No Protected Material shall be disclosed to the

person in question until the producing party withdraws its objection or the Court orders that disclosure may occur.

**8.** <u>EXAMINATION OF WITNESSES AT DEPOSITION</u>

Protected Material may be disclosed to a witness at a deposition if: (a) the witness is an officer, director, or employee of the Producing Party or (b) the witness was formerly an officer, director, or employee of the Producing Party and the Protected Material existed during the period of his or her service or employment.

**9.** <u>INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL</u>

a. Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

a. Immediately after receiving written notice from the Producing Party that documents or information subject to the attorney client privilege, work product immunity, or otherwise immune from discovery has been inadvertently produced, the Receiving Party shall not copy or disseminate such documents or information, and, subject to Paragraph 9(b) herein, the Receiving Party shall return such documents or information and any copies to the producing party within ten (10) business days.

b. Upon written notification by the Producing Party of an inadvertent production and request for return of all originals and copies, the Receiving Party shall return the inadvertently produced documents or information (and return or certify in writing to the destruction of all copies thereof) within ten (10) business days of receiving the Producing Party's

written request for return, unless the Receiving Party has a good faith basis for asserting that the information is not protected by any privilege or immunity. If the Receiving Party believes it has a good faith basis for challenging the privilege claim, the Receiving Party need not return such material until ordered to do so by a final order of the District Court. Within ten (10) business days after receipt of the Producing Party's request for return, counsel of record for the Receiving Party shall provide counsel of record for the Producing Party with a written explanation of the good faith basis for refusing to return the inadvertently produced documents or information. In the event that the inadvertently produced documents or information is not returned based upon the Receiving Party's timely written explanation of the good faith basis for refusing to return those documents or material, the Producing Party has ten (10) business days from receipt of the Receiving Party's written explanation to file a motion seeking an order compelling the return of the inadvertently produced documents or information. Failure of the Producing Party to file such a motion within ten (10) business days from receipt of the Receiving Party's written explanation waives any claim of privilege or immunity as to the inadvertently produced documents or information only.

        c.     Once an inadvertently produced document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the Producing Party has two (2) weeks from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this two (2) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

       **10.**     OBLIGATIONS OF OUTSIDE COUNSEL

13

It shall be the responsibility of Outside Counsel to ensure strict compliance with the provisions of this Confidentiality Order and to take reasonable and proper steps to ensure that all provisions thereof are made known to any person who shall examine Protected Material.

**11.** PLEADINGS

All papers, documents and transcripts containing or revealing the substance of Protected Material shall be filed in accordance with and following a formal motion pursuant to Local Civil Rule 5.3(c) and placed in sealed envelopes bearing the caption of the case and marked:

**CONFIDENTIAL**
**SUBJECT TO CONFIDENTIALITY ORDER IN**
**CIVIL ACTION NO. 07-CV-05855**
**NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT**
**OR CONSENT OF THE PARTIES**

or similar markings as may be required by the Court.

**12.** CONCLUSION OF THE ACTION

Within one hundred and twenty (120) days after entry of a final judgment of dismissal with prejudice (including appeals or petitions for review) or the execution of a settlement agreement, finally disposing of all issues raised in the above captioned case, the Receiving Party shall: (a) return all Protected Material and any copies thereof to the appropriate Outside Counsel who produced the Protected Material; or (b) destroy such Protected Material. Each Receiving Party shall give written notice of such destruction to Outside Counsel for the Producing Party. However, Outside Counsel who are trial counsel may retain one copy of all pleadings for archival purposes. Further, all notes, summaries, or other documents prepared by Qualified Persons under paragraphs 4.a.(2)-4.a.(4) and 4.a.(8), derived from or containing Protected Material, shall after the conclusion of the action, be kept within the files of Outside

Counsel who are trial counsel for the Receiving Party creating such work product, or be destroyed.

**13.     CONTESTED DESIGNATIONS**

If a party seeks removal of protection for particular items of Protected Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

a.     The party seeking such removal shall give counsel of record for the Producing Party notice thereof, in writing (by facsimile or email), specifying the documents, things, or information for which such removal is sought and the reasons for the request.  The Producing Party or non-party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Confidentiality Order.  Any such objection shall be made in writing (by facsimile or email).  Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Confidentiality Order.

b.     If the parties cannot agree concerning the matter, then the party seeking the removal of protection for Protected Material must file and serve a motion with the Court; the designated material shall continue to be Protected Material until the issue is resolved by Order of this Court or by agreement of the parties.

c.     On any motions arising out of the designation of any material as Protected Material under this Confidentiality Order, the burden of justifying the designation shall lie with the Producing Party.

**14.     NON-WAIVER**

The production of Produced Material under the terms of this Order in response to a request by an opposing party shall not be construed to mean that the Producing Party     has

waived any objection to the production, relevancy or admissibility of said Produced Material. Nothing contained herein shall preclude any party from opposing any discovery on any basis. Further, nothing in this Order constitutes an admission by any party that any specific item of Protected Material is a trade secret or otherwise confidential and proprietary to a party.

**15.** ADDITIONAL PARTIES

If an additional party joins or is joined in the above captioned case, the newly joined party shall not have access to Protected Material until all parties to the above captioned case agree to a supplemental Protective Order governing the protection of Protected Material.

**16.** THIRD PARTIES

Any third party from whom discovery is sought in the above captioned case may, in accordance with this Order, designate some or all of its production as Protected Material, and each Receiving Party will have the same rights, obligations and restrictions which that Receiving Party has with respect to the Protected Material of any other Producing Party.

**17.** ATTENDANCE AT PROCEEDINGS

If a deposition concerns Protected Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with paragraph 4 hereof to have access to such material. All persons not authorized in accordance with paragraph 4 hereof for access to Protected Material may be excluded from the trial and any hearings and conferences in these actions.

**18.** UNAUTHORIZED DISCLOSURE

In the event of disclosure of any Protected Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform Outside Counsel for the party whose Protected Material has thus been disclosed of all known relevant information concerning the

16

nature and circumstances of the disclosure. The responsible party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

**19.** TERMINATION OF ACCESS

a. In the event that any person or party ceases to be engaged in the conduct of these actions, such person's or party's access to Protected Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of paragraph 12 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of these actions.

b. The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Protected Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

**20.** MODIFICATION

Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Confidentiality Order.

21. NOTICES

Notices under this Confidentiality Order shall be provided to the parties' respective counsel at their addresses indicated as follows, unless this provision is modified by the parties in writing:

Notification to sanofi-aventis shall be delivered to:

Benjamin Hsing

17

Sapna W. Palla
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Fax: (212) 836-6735

Notification to Abbott shall be delivered to:

Thomas Pasternak
Erick Ottoson
DLA PIPER US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Fax: (312) 630-5392

Notification to Glenmark shall be delivered to:

James Galbraith
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004
Fax: (212) 425-5288

22.    MISCELLANEOUS

a.    No person subject to this Confidentiality Order may disclose, in public or private, any Protected Material designated by a party other than itself except as provided for in this Confidentiality Order. Nothing herein, however, shall affect the right of the Producing Party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as Protected Material; such disclosure shall not waive the protection of this Confidentiality Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

b.    Any violation of this Confidentiality Order may constitute a contempt of Court, and be punishable as such, and may subject the offending party to such additional and further remedies as may be available to the aggrieved party.

18

c.     Until such time as this Confidentiality Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it has been "So Ordered."

d.     The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Confidentiality Order.

Dated: _____       Dated: _____

By: _____

Brian M. English
Matthew P. O'Malley
TOMPKINS, MCGUIRE,
WACHENFELD & BARRY LLP
Four Gateway Center
Newark, New Jersey 07102
Tel: (973) 622-3000

*Of Counsel:*
Benjamin C. Hsing
Sapna W. Palla
Tatiana Alyonycheva
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8735

Thomas Pasternak
Erick Ottoson
DLA PIPER US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Tel: (312) 368-4065

*Attorneys for Plaintiffs,*
*sanofi-aventis Deutschland GmbH, Aventis*
*Pharma S.A., Abbott GMBH & Co. KG and*
*Abbott Laboratories*

By: _____

Robert J. Fettweis
TRESSLER, SODERSTROM,
MALONEY & PRIESS, LLP
1744 Broad Street – Suite 1510
Newark, New Jersey 07102
Tel: (973) 848-2900

*Of Counsel:*
James Galbraith
John Resek
Hany Rizkalla
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

*Attorneys for Defendants*
*Glenmark Pharmaceuticals Inc., USA*
*and Glenmark Pharmaceuticals Ltd.*

19

SO ORDERED:

Dated: ___ ._____

Honorable Mark Falk
United States Magistrate Judge

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

SANOFI-AVENTIS DEUTSCHLAND GMBH,
AVENTIS PHARMA S.A.,
ABBOTT GMBH & CO. KG,
and ABBOTT LABORATORIES,

Plaintiffs,

v.

GLENMARK PHARMACEUTICALS INC., USA,
and GLENMARK PHARMACEUTICALS LTD.,

Defendants.

Hon. Dennis M. Cavanaugh, U.S.D.J.

Hon. Mark Falk, U.S.M.J.

Civil Action No. 07-CV-05855
(DMC-MF)

**ACKNOWLEDGEMENT TO
ABIDE BY THE
STIPULATED DISCOVERY
CONFIDENTIALITY ORDER**

I, _____, declare that:

1.   My current employer is_____, and the

address of my current employment is_____.

2.   My current occupation or description is_____.

3.   I have read the Stipulated Discovery Confidentiality Order entered as an Order of

the United States District court for the District of New Jersey, in the action entitled *sanofi-*

*aventis Deutschland GmbH, et al. v. Glenmark Pharmaceuticals Inc., USA, et al.*, Civil Action

No. 07-CV-05885 (DMC)(MF).

4.   I understand and agree to be bound by the terms of this Confidentiality Order.

5.   I will hold in confidence and will not disclose to anyone who is not a Qualified

Person under the Confidentiality Order and will use only for purposes of these actions, any

Protected Material disclosed to me.

22

6.      Upon the conclusion of this matter, I will destroy or return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed, retained or otherwise associated with.

7.      I hereby submit to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of enforcement of the Stipulated Confidentiality Order. I understand that if I violate the provisions of this Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in a civil action by one or more of the parties in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
(Signature)

_____
(Printed Name)

_____
(Date)