Brian M. English
Matthew P. O'Malley
TOMPKINS, MCGUIRE,
WACHENFELD & BARRY, LLP
Four Gateway Center
100 Mulberry Street, Suite 5
Newark, N.J.  07102-4056
Tel. (973) 623-7491
Fax  (973) 623-7481
benglish@tompkinsmcguire.com

*Attorneys for Plaintiffs sanofi-aventis*
*Deutschland GmbH, Aventis Pharma S.A.,*
*Abbott GmbH & Co. KG, Abbott Laboratories*
*and Abbott Laboratories Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANOFI-AVENTIS DEUTSCHLAND GMBH, AVENTIS PHARMA S.A., ABBOTT GMBH & CO. KG, ABBOTT LABORATORIES and ABBOTT LABORATORIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> GLENMARK PHARMACEUTICALS INC., USA, and GLENMARK PHARMACEUTICALS LTD. <br><br> Defendants. | Civil Action No. 07-CV-05855 (DMC-JAD) |

**PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW**
**OF ENTITLEMENT TO LOST PROFITS**

**INTRODUCTION**

No legally sufficient evidentiary basis exists for a reasonable jury to find that anything other than lost profits damages are due to Plaintiffs. This case is a textbook case for lost profits. Glenmark sells a competing generic copy of Abbott's Tarka which is covered by the '244 patent. Every sale Glenmark makes is a lost sale for Abbott. But for Glenmark's infringement, Abbott would not have lost the $25 million in Tarka sales it has lost since June of this year. Accordingly, judgment as a matter of law of Abbott's entitlement to lost profits is warranted. Moreover, as a consequence of this entitlement, the jury should be instructed only as to lost profits damages; no instructions as to reasonable royalty damages should be given.

**ARGUMENT**

**I.      STANDARD FOR GRANTING JUDGMENT AS A MATTER OF LAW**

"Rule 50(a) provides that a court may grant judgment as a matter of law in a jury trial at the close of the evidence if it determines that there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on an issue." *Rego v. ARC Water Treatment Co. of Pennsylvania*, 181 F.3d 396, 400 (3rd Cir. 1999)*; see also Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998); *Perkin-Elmer Corp. v. Computervision Corp.,* 732 F.2d 888, 893 (Fed Cir. 1984).

**II.     THERE IS NO LEGALLY SUFFICIENT EVIDENTIARY BASIS FOR A REASONABLE JURY TO FIND REASONABLE ROYALTY DAMAGES**

**A.      Legal Standard For Entitlement To Lost Profits**

"If the record permits the determination of actual damages, namely, the profits the patentee lost from the infringement, that determination accurately measures the patentee's loss." *Hanson v. Alpine Valley Ski Area, Inc*., 718 F.2d 1075, 1078 (Fed. Cir. 1983). Only "[i]f actual damages cannot be ascertained, then a reasonable royalty must be determined." *Id*.; *see also*

*Micro Chemical, Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1125 (Fed. Cir. 2003) ("this court must vacate the district court's reasonable royalty calculation to the extent that Micro can show entitlement to lost profit damages."); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 827 (Fed. Cir. 1989) (vacating award of reasonable royalty and remanding where lost profits had been proved).

"Lost profits [are proved] from lost sales, . . .that 'but for' the infringement, [the plaintiff] would have made the sales." *American Seating Co. v. USSC Group, Inc*., 514 F.3d 1262, 1269 (Fed. Cir. 2008). Lost profits "requires a showing of (1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) manufacturing and marketing capability to exploit the demand, and (4) the amount of profit that would have been made." *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc*., 567 F.3d 1314, 1329 (Fed. Cir. 2009) (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir.1978)).

### B. Abbott Proved All of The Necessary Factors That Entitle It To Lost Profits

All four *Panduit* factors necessary to prove lost profits are met by the evidence of record, and Glenmark has virtually no response.

"[T]he first Panduit factor simply asks whether demand existed for the 'patented product,' i.e., a product that is 'covered by the patent in suit' or that 'directly competes with the infringing device.'" *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc*., 567 F.3d 1314, 1330 (Fed. Cir. 2009). Tarka has significant sales that demonstrate consumer demand for the patented product. In 2007, sales of Tarka were $100 million; they were $81 million in $2008 and $65 million in 2009. Abbott made these sales without any active promotion or marketing of the product in this time period. Additionally, Glenmark's infringing sales of nearly $15 million of the copycat generic product in just 7 months, further demonstrate the demand for the patented product. Glenmark does not promote its generic Tarka and the only way Glenmark sells generic Tarka is

through substitution of its product for Abbott's branded Tarka. Glenmark would not have sold $15 million in just seven months if Abbott had not created demand for the product. Glenmark did not dispute this evidence; in fact, it presented the same sales figures for both Abbott's and Glenmark's sales of Tarka.

The second Panduit factor relates to the absence of acceptable noninfringing substitutes. To be an acceptable noninfringing substitute, "buyers must view the substitute as equivalent to the patented device." *American Seating Co. v. USSC Group, Inc.*, 514 F.3d 1262, 1270 (Fed. Cir. 2008). "[P]roducts without such features – even if otherwise competing in the marketplace – would not be acceptable noninfringing substitutes." *Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 953 F.2d 1360, 1373 (Fed. Cir. 1991). Here, when a consumer comes to the pharmacy with a prescription for Tarka, the pharmacist can only dispense Tarka or Glenmark's infringing generic Tarka product. The pharmacist cannot dispense any other drug products and therefore, there are no noninfringing substitutes for Tarka. Glenmark's damages expert did not dispute this evidence. Moreover, he calculated lost profits based on all of Glenmark's sales: this calculation essentially admits that all of Glenmark's sales come at the expense of Abbott's sales of Tarka, further bolstering the evidence as to the absence of non-infringing alternatives.

The third factor – capacity to meet the demand for the patented product is not in dispute. The parties have stipulated that Abbott was and is able to meet the existing demand for Tarka. Both parties' experts testified that this factor is met.

The fourth Panduit factor is the quantification of lost profits. Abbott lost $25,054,984 in lost sales and an additional $803,514 in price erosion. The total damages to Abbott for lost profits from Glenmark's entry onto the market are $25,858,398. Glenmark does not dispute that lost profits can be quantified. It only disputes the amount. The only other issue disputed by

Glenmark is which of the plaintiffs are entitled to damages in this case – an issue the Court has already addressed. Furthermore and most importantly, Glenmark does not dispute that 'but for' its infringement, Abbott would have made the sales of Tarka. This is apparent on its face from Mr. Hoffman's calculation of lost profits – he calculated lost profits based on <u>all</u> of the sales made by Glenmark. Therefore, the fourth and final factor of lost profits is met.

      **C.    As A Matter of Law, Abbott Is Entitled To Lost Profits As the Measure Of Damages**

"If the record permits the determination of actual damages, namely, the profits the patentee lost from the infringement, that determination accurately measures the patentee's loss." *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078 (Fed. Cir. 1983). Based on the record in this case, lost profits damages are the appropriate determination to measure Abbott's loss. The four *Panduit* factors are met. As shown by the parties' damages calculations put into evidence, the parties do not dispute that "but for" Glenmark's infringement, Abbott would have made every sale of Tarka.

Because the evidence establishes lost profits and no reasonable jury could find otherwise, reasonable royalty damages are not appropriate here. A determination of reasonable royalty is only appropriate where lost profits cannot be calculated. *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078 (Fed. Cir. 1983) ("If actual damages cannot be ascertained, then a reasonable royalty must be determined."). It is not appropriate where lost profits are proved. *Micro Chemical, Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1125 (Fed. Cir. 2003) ("this court must vacate the district court's reasonable royalty calculation to the extent that Micro can show entitlement to lost profit damages."); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 827 (Fed. Cir. 1989) (vacating award of reasonable royalty and remanding where lost profits had been proved).

Here, Abbott has established all of the *Panduit* factors necessary to prove loss profits, and Glenmark offers little to no response. Thus, lost profits is the appropriate measure of damages. Glenmark has not contested the fact that "but for" its infringement, Abbott would have made those sales of Tarka. Glenmark submitted into evidence a lost profits calculation based on every sale of generic Tarka it has made from June through December 2010. Thus, there is no reason to consider a reasonable royalty measure of damages. Judgment as a matter of law that Abbott is entitled to lost profits damages is appropriate and it is appropriate to instruct the jury only as to lost profits damages.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court enter judgment as a matter of law that Plaintiffs are entitled to lost profits as the measure of damages, and consequently, that the Court instruct the jury only as to lost profits damages.

January 12, 2011                                    Respectfully submitted:


By:___/s/ Brian M. English_____
    Brian M. English
    Matthew P. O'Malley
    TOMPKINS, MCGUIRE,
       WACHENFELD & BARRY, LLP
    Four Gateway Center
    100 Mulberry Street, Suite 5
    Newark, N.J. 07102-4056
    Tel. (973) 623-7491
    Fax (973) 623-7481
    benglish@tompkinsmcguire.com

    *Attorneys for Plaintiffs sanofi-aventis Deutschland GmbH, Aventis Pharma S.A., Abbott GmbH & Co. KG, Abbott Laboratories and Abbott Laboratories Inc.*

OF COUNSEL:

Benjamin C. Hsing
Sapna W. Palla
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000
Fax. (212) 836-8689

*Attorneys for Plaintiffs*
*sanofi-aventis Pharma Deutschland GmbH and*
*Aventis Pharma S.A.*

John Allcock
Erica Pascal
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, California 92101
Tel. (619) 699.2639 T
Fax  (619) 699.2701 F

Stuart E. Pollack
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel. (212) 335 4964
Fax (212)884 8464

*Attorneys for Plaintiffs*
*Abbott GmbH & Co. KG, Abbott*
*Laboratories and Abbott Laboratories Inc.*